**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000471
08-OCT-2025
08:11 AM
Dkt. 130 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
HARDY K. AH PUCK, JR., also known as HARDY K. AH PUCK,
Defendant-Appellant

NO. CAAP-24-0000471

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000460)

OCTOBER 8, 2025

NAKASONE, CHIEF JUDGE, LEONARD AND HIRAOKA, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

A jury found Hardy K. **Ah Puck**, Jr. guilty of one count of Theft in the Fourth Degree (**Theft 4**) and one count of Habitual Property Crime. The Circuit Court of the Second Circuit sentenced him to concurrent prison terms of thirty days for Theft 4 and five years for Habitual Property Crime, with a

mandatory minimum term of not less than one year.[1]  Ah Puck
appeals from the *Judgment of Conviction and Sentence*.

We hold that **(1)** the statute allowing the chief justice
to authorize district court judges to make probable cause
determinations, set bail, and direct the issuance of arrest
warrants on a circuit court criminal information does not violate
separation of powers, and the supreme court order implementing
the statute was never rescinded, and **(2)** Theft 4 is included in
Habitual Property Crime and the Habitual Property Crime statute
does not provide for convictions for both Habitual Property Crime
and the included property crime.  Ah Puck's conviction for
Theft 4 merged into his conviction for Habitual Property Crime as
a matter of law.  We vacate the Judgment of Conviction and
Sentence and remand for entry of an amended judgment of
conviction and sentence for Habitual Property Crime only.

## I.  BACKGROUND

On November 6, 2023, Ah Puck was charged in circuit
court by *Felony Information and Non-felony Complaint* with four
counts of theft and four counts of habitual property crime.  A
district court judge found probable cause, issued an arrest
warrant, and set bail.  Ah Puck pleaded not guilty.

The Circuit Court dismissed one theft count and one
habitual property crime count before trial.  A judgment of
acquittal was entered on another theft count and habitual

---

[1]     The Honorable Peter T. Cahill presided.

property crime count.  The counts on which the jury deliberated were:

>1.  Theft in the Fourth Degree of tablet computers and/or cellular phones;
>
>2.  Habitual Property Crime for theft of tablet computers and/or cellular phones;
>
>3.  Theft in the Fourth Degree of a backpack and/or AirPods; and
>
>4.  Habitual Property Crime for theft of a backpack and/or AirPods.

The tablet computers and cellular phones belonged to Excess Telecom.  The backpack and AirPods belonged to an Excess Telecom employee.  Ah Puck took the items from the Lahaina Civic Center on November 1, 2023, while it was used as the disaster recovery center for the Lahaina wildfires.

The jury found Ah Puck guilty as charged.  The jury also found the State did not prove beyond a reasonable doubt that Ah Puck did not commit counts 1 and 3 or counts 2 and 4 as part of a continuing and uninterrupted course of conduct.  The Theft 4 counts merged, as did the Habitual Property Crime counts, under Hawaii Revised Statutes (**HRS**) § 701-109(1)(e).[2]

---

[2]  HRS § 701-109 (2014) provides in relevant part:

>**Method of prosecution when conduct establishes an element of more than one offense.**  (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element.  The defendant may not, however, be convicted of more than one offense if:
>
>. . . .
>
>>(e)  The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

After the verdict Ah Puck moved to dismiss the felony information for lack of subject matter jurisdiction. He argued that a district court judge could not legally find probable cause or issue an arrest warrant on a felony information. The Circuit Court denied the motion.

Ah Puck also moved for judgment of acquittal on the Habitual Property Crime counts. He argued that habitual property crime required evidence of a property crime other than the property crime charged in the associated theft count. The Circuit Court denied the motion.

The Judgment of Conviction and Sentence was entered on July 9, 2024. This appeal followed.

## II. POINTS OF ERROR

Ah Puck states three points of error:

1.  The circuit court erred when it denied the motion to dismiss because the district court judge initiated felony information charges against Mr. Ah Puck with unconstitutionally delegated power.

2.  Mr. Ah Puck cannot be convicted of both count 2 [sic] because there is insufficient evidence of a separate unspecified theft as a habitual property crime.

3.  Refusing to instruct the jury about merging theft with the habitual property crime warrants a new trial.

We clarify the points of error in the sections below.

## III. STANDARDS OF REVIEW

### A. Constitutional Law

Questions of constitutional law are reviewed de novo under the *right/wrong* standard. State v. Feliciano, 107 Hawai‘i 469, 475, 115 P.3d 648, 654 (2005).

4

B.    **Subject Matter Jurisdiction**

The existence of subject matter jurisdiction is a question of law reviewed de novo under the *right/wrong* standard. Ass'n of Apartment Owners of Century Ctr., Inc. v. An, 139 Hawaiʻi 278, 284, 389 P.3d 115, 121 (2016).

C.    **Court Orders**

We interpret court orders de novo under the *right/wrong* standard.  State v. Guyton, 135 Hawaiʻi 372, 377, 351 P.3d 1138, 1143 (2015).

D.    **Merger of Included Offense**

Whether an offense is included within another is a question of law reviewed de novo under the *right/wrong* standard. State v. Manuel, 148 Hawaiʻi 434, 439, 477 P.3d 874, 879 (2020).

## IV.  **DISCUSSION**

A.    **The district court judge was authorized to determine probable cause, issue an arrest warrant, and set bail on a circuit court felony information.**

Ah Puck moved to dismiss the Felony Information and Non-felony Complaint after the jury returned its verdict, arguing lack of jurisdiction because a district court judge determined probable cause, set bail, and issued the warrant for his arrest. He contends that "HRS § 806-85(d) violates the separate-of-powers [sic] doctrine because it empowers the chief justice to exercise legislative power to expand the district court's criminal jurisdiction."  The motion was made after the verdict, but lack of subject matter jurisdiction can never be waived, and may be

raised at any time.  Yamane v. Pohlson, 111 Hawaiʻi 74, 83, 137 P.3d 980, 989 (2006).

Ah Puck alternately argues that even if HRS § 806-85 doesn't violate separation-of-powers, the chief justice rescinded the order authorizing district court judges to make probable cause determinations, set bail, and issue arrest warrants.

**1.  HRS § 806-85(d) does not violate the separation-of-powers doctrine.**

HRS § 806-82 (2014) allows certain felony charges, including the ones at issue here, to be instituted by "written information . . . filed in the court having jurisdiction thereof[.]"

The circuit courts have general jurisdiction over criminal offenses.  HRS § 603-21.5(a)(1) (2016).  HRS § 806-85 (2014) provides in relevant part:

> **Probable cause.**  (a) When an information is filed, the court having jurisdiction shall review the information and its exhibit to determine whether there is probable cause to believe that the offense charged was committed and that the defendant committed the offense charged.
>
> . . . .
>
> (d)  As used in this section, "court having jurisdiction" and "court" mean the circuit court; provided that the chief justice may by order authorize district court judges to make probable cause determinations, set bail, and direct the issuance of arrest warrants, as provided by this section.

In 2005, then-Chief Justice Ronald T.Y. Moon issued an order (the **2005 Order**) stating in relevant part:

> IT IS HEREBY ORDERED that the District **Judges** of the First, Second, Third, and Fifth Circuits of the State of Hawaiʻi are hereby authorized to make probable cause determinations, set bail, and direct the issuance of arrest warrants, as provided by HRS § 806-[85].

6

> IT IS FURTHER ORDERED that the Clerks of the Courts of each Circuit shall refer such matters to the District Court of the Circuit for action and shall make the information and the District Court Judge's action and findings thereon **part of the record of the court having jurisdiction over the offense**.

In re Info. Charging, (Haw. Feb. 15, 2005) (Order Authorizing Action by District Judges) (emphasis added).[3]

The legislature defines and grants the criminal jurisdiction of the district courts. Schwartz v. State, 136 Hawaiʻi 258, 264, 361 P.3d 1161, 1167 (2015); see HRS Chapter 604. To determine whether HRS § 806-85(d) violates separation of powers, we must determine whether the legislature delegated a legislative function — defining the criminal jurisdiction of the district courts — to the judiciary. Cf. Alakaʻi Na Keiki, Inc. v. Matayoshi, 127 Hawaiʻi 263, 278, 277 P.3d 988, 1003 (2012) (instructing that "to determine whether there is a separation of powers violation, it must be decided whether the legislature delegated a judicial function to an administrative agency").

HRS § 806-85(d) does not authorize the chief justice to expand the criminal jurisdiction of the district court. It allows the chief justice to authorize district court *judges* to make probable cause determinations, set bail, and issue arrest warrants *in circuit court criminal cases* charged by information. This is authorized by article VI, section 2 of the Hawaiʻi

---

[3] https://www.courts.state.hi.us/docs/sct_various_orders/order21.pdf [https://perma.cc/9LMQ-MAPE].

Constitution ("The chief justice may assign . . . a judge of the district court to serve temporarily on the circuit court.").

Ah Puck argues "the district court judge initiated felony information charges against Mr. Ah Puck" and "[t]he initiation of felony information charges in district court is unconstitutional." The case against Ah Puck was initiated by the Maui County Department of the Prosecuting Attorney, not by the district court judge. The Felony Information and Non-felony Complaint was filed in circuit court, not district court.

The 2005 Order did not expand the criminal jurisdiction of the district *court*. A district court *judge's* probable cause determination, setting of bail, and arrest warrant were to be entered on the record in the *circuit court* proceeding, as authorized under HRS § 806-85(a) and (d). The 2005 Order was consistent with the supreme court's general supervisory powers over the lower courts, <u>Hawaiʻi Police Department v. Kubota</u>, 155 Hawaiʻi 136, 148, 557 P.3d 865, 877 (2024), and its "inherent power . . . to administer justice," <u>State v. Moriwake</u>, 65 Haw. 47, 55, 647 P.2d 705, 712 (1982).

**2.    The 2005 Order was never rescinded.**

Ah Puck argues that the 2005 Order was rescinded in 2010. In 2010, in <u>In re Statewide Court Administrative Orders & Memoranda</u>, (Haw. June 9, 2010) (Order Rescinding Statewide Court

Administrative Orders and Memoranda) (the **2010 Order**)[4] then-Chief Justice Moon rescinded certain administrative orders. The 2010 Order provided in relevant part:

> It appears that previously approved statewide court administrative orders or memoranda include requirements that are more appropriate for court rules than for administrative orders and memoranda and that revised administrative orders and memoranda have not been submitted for my review, as instructed by my May 24, 2007 memorandum to the Chief Judges. Therefore,
>
> IT IS HEREBY ORDERED, pursuant to Article VI, § 6 of the Hawaiʻi Constitution and effective immediately upon filing of this order, that all previously approved statewide circuit, family, and district court administrative orders or memoranda are hereby rescinded.

The 2010 Order rescinded only "circuit, family, and district court administrative orders or memoranda[.]" The 2005 Order was a supreme court order. It was not rescinded by the 2010 Order.

In addition, the 2010 Order rescinded administrative orders "that are more appropriate for court rules[.]" The 2005 Order was authorized by HRS § 806-85(d). The statute required an order by the chief justice; it did not require a court rule.

The Circuit Court did not err by denying Ah Puck's motion to dismiss for lack of subject matter jurisdiction.

**B.    Ah Puck's conviction for Theft 4 merged into his conviction for Habitual Property Crime as a matter of law.**

Ah Puck originally contended he "cannot be convicted of [Habitual Property Crime] because there is insufficient evidence of a separate unspecified theft as a habitual property crime."

---

[4]    https://www.courts.state.hi.us/docs/sct_various_orders/order35.pdf [https://perma.cc/XQW2-VPBU].

He argued to the Circuit Court, as he does on appeal, that there was no evidence of a theft other than the one alleged in count 1 (Theft 4) to support a conviction of Habitual Property Crime under count 2.

> HRS § 708-803 (Supp. 2022) provides in relevant part:
>
> **Habitual property crime.** (1) A person commits the offense of habitual property crime if the person is a habitual property crime perpetrator and ***commits a property crime***.
>
> (2) For the purposes of this section, "habitual property crime perpetrator" means a person who, within ten years of the instant offense, has convictions for offenses within this chapter for:
>
> . . . .
>
> (c) Three petty misdemeanors.
>
> The convictions shall be for separate incidents on separate dates. . . .
>
> (3) A person commits a property crime if the person engages in conduct that constitutes ***an offense under this chapter***. It can be established that the person has committed a property crime by either the prosecution proving that the person is guilty of or by the person pleading guilty or no contest to committing ***any offense under this chapter***.

(Emphasis added.)

Ah Puck does not contend there was insufficient evidence to support his Theft 4 conviction. Theft 4 was the offense that satisfied the "commits a property crime" element of HRS § 708-803(1).

The Circuit Court instructed the jury it took judicial notice that Ah Puck had been convicted of three petty misdemeanors for separate incidents on separate dates within ten years before November 1, 2023. That supported the "habitual property crime perpetrator" attendant circumstance element of HRS § 708-803(1), as defined by HRS § 708-803(2).

The evidence was sufficient to support the Habitual Property Crime conviction.  Ah Puck's point of error actually presents a merger issue.  HRS § 701-109 (2014 & Supp. 2022) provides in relevant part:

> (1)   When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element.  The defendant may not, however, be convicted of more than one offense if:
>
> (a)   One offense is included in the other, as defined in subsection (4) of this section[.]
>
> . . . .
>
> (4)   A defendant may be convicted of an offense included in an offense charged in the felony complaint, indictment, or information.  An offense is so included when:
>
> (a)   It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]

Because committing an offense under HRS Chapter 708 is an element of Habitual Property Crime, and Theft 4 is an offense under HRS Chapter 708, Theft 4 is always included in Habitual Property Crime as a matter of law.  Cf. State v. Jumila, 87 Hawai‘i 1, 3, 950 P.2d 1201, 1203 (1998) (holding that separate felony underlying former HRS § 134-6(a) (use of firearm in commission of separate felony) "is, as a matter of law, an included offense of the HRS § 134-6(a) offense"), overruled on other grounds by, State v. Brantley, 99 Hawai‘i 463, 56 P.3d 1252 (2002).

In Jumila, the supreme court held:

> Because the felony underlying an HRS § 134-6(a) offense is an included offense of the HRS § 134-6(a) offense, pursuant to HRS § 701-109(1)(a), Jumila should not have been convicted of both the HRS § 134-6(a) offense and the underlying second degree murder offense. If he should not have been convicted of both offenses, then, of course, he should not have received separate sentences for each offense.

87 Hawai'i at 3, 950 P.2d at 1203 (footnote omitted), overruled by, Brantley, 99 Hawai'i at 469, 56 P.3d at 1258 (overruling based on legislative history of 1993 amendment to HRS § 134-6).

After Jumila was decided, the legislature again amended HRS § 134-6 to specify that

> A conviction and sentence under subsection (a) or (b) shall be in addition to and not in lieu of any conviction and sentence for the separate felony . . . .

Brantley, 99 Hawai'i at 464 n.2, 56 P.3d at 1253 n.2 (quoting 1999 Haw. Sess. L. Act 12, § 1 at 12). Brantley recognized that the 1999 amendment "explicitly state[d] that an individual could be convicted of both HRS § 134-6(a) and the separate felony." Id. at 464, 56 P.3d at 1253.

And in State v. Feliciano, 107 Hawai'i 469, 115 P.3d 648 (2005), the supreme court examined the legislative history of the 1999 amendment to HRS § 134-6 and stated:

> This legislative history clearly shows that the legislature intended to punish defendants multiple times for both the underlying, separate felony (with a conviction and a mandatory minimum) and with a conviction for use of a firearm.

Id. at 485, 115 P.3d at 664.

HRS § 708-803 (the Habitual Property Crime statute) contains no provision that a conviction and sentence for Habitual

Property Crime shall be in addition to, and not in lieu of, any conviction and sentence for the included property crime.  Nor does the legislative history of HRS § 708-803 indicate an intent to allow a conviction and sentence for the included property crime in addition to a conviction and sentence for Habitual Property Crime.  Accordingly, Ah Puck's conviction for Theft 4 merged into his conviction for Habitual Property Crime as a matter of law under HRS § 701-109(1)(a).  The Circuit Court erred by sentencing Ah Puck for Theft 4 in addition to Habitual Property Crime.

**C.  Refusing to instruct the jury about merging theft with the habitual property crime does not warrant a new trial.**

Ah Puck contends that the Circuit Court's refusal to instruct the jury about merging theft with habitual property crime warrants a new trial.  It does not.

The jury found Ah Puck guilty of Theft 4 and Habitual Property Crime.  The Circuit Court did not need to instruct the jury on merger because Theft 4 merged into Habitual Property Crime as a matter of law under HRS § 701–109(1)(a). Cf. Jumila, 87 Hawaiʻi at 3, 950 P.2d at 1203.  The remedy is to vacate the conviction and sentence for Theft 4, the included offense. Brantley, 99 Hawaiʻi at 466, 56 P.3d at 1255 (stating that "the lesser grade offense should be reversed" (citing Jumila, 87 Hawaiʻi at 4, 950 P.2d at 1204)).

## V. CONCLUSION

The July 9, 2024 *Judgment of Conviction and Sentence* is vacated and this case is remanded to the Circuit Court. On remand, the Circuit Court should enter an amended judgment of conviction and sentence on Count 2 (Habitual Property Crime) only.

On the briefs:

Benjamin E. Lowenthal,
Sara K. Haley,
Deputies Public Defender,
State of Hawaiʻi,
for Defendant-Appellant
Hardy K. Ah Puck, Jr.,
also known as Hardy K. Ah Puck.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee
State of Hawaiʻi.

Caitlyn B. Carpenter,
Deputy Solicitor General,
on the amicus curiae brief
for Attorney General of the
State of Hawaiʻi.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge